**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**MIGUEL HARVEY,**

                             **Plaintiff,**

     vs.                                           **9:15-CV-853
                                                          (MAD/DJS)**

**PALMER,** *Correctional Officer; Clinton Correctional Facility*; **SEARS,** *Correctional Officer; Clinton Correctional Facility*; **MULLADY,** *Sergeant, Clinton Correctional Facility*; **BEANE,** *Correctional Officer; Clinton Correctional Facility*; **TAMER,** *Correctional Officer; Clinton Correctional Facility*; **MENARD,** *Sergeant, Clinton Correctional Facility*; **and WALDRON,** *Registered Nurse, Clinton Correctional Facility, formerly known as* **Bentley,**

                             **Defendants.**
_____

**APPEARANCES:**                             **OF COUNSEL:**

**MIGUEL HARVEY
96-A-1003**
Wende Correctional Facility
P.O. Box 1187
Alden, New York 14004
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**        **MICHAEL G. MCCARTIN, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**OFFICE OF THE NEW YORK**        **C. HARRIS DAGUE, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

Plaintiff *pro se* Miguel Harvey, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this civil rights action brought pursuant to 42 U.S.C. § 1983, asserting claims arising from an incident that occurred on July 27, 2012, when he was incarcerated at Clinton Correctional Facility ("Clinton"). *See* Dkt. No. 61, 1-2. Specifically, Plaintiff claims that after an alleged assault from correctional officers (who are co-defendants in this action), Defendant Waldron did not examine or treat him for the injuries he said resulted from the assault, which included (1) a broken nose; (2) black eyes; (3) headaches; and (4) knee pain.

On January 6, 2017, Defendants filed a memorandum of law in support of Defendants' partial Motion for Summary Judgment, seeking summary judgment on Plaintiff's Eighth Amendment medical indifference claim against Defendant Nurse Waldron. *See* Dkt. No. 59-7. In her motion, Defendant Waldron argues that the undisputed facts demonstrate that Plaintiff did not have a sufficiently serious medical need to support his deliberate indifference claim. *See id.* at 7. Further, Defendant Waldron contends that Plaintiff has failed to put forth any evidence that Defendant Waldron knew of and purposefully ignored "an excessive risk to inmate health or safety." *Id.* at 8. Finally, Defendant Waldron contends that, even assuming that a question of fact precludes summary judgment as to the merits of his claim, the motion should nevertheless be granted because she is entitled to qualified immunity. *See id.* at 11-12.

In an August 1, 2017 Report-Recommendation and Order, Magistrate Judge Stewart recommended that the Court grant Defendant Waldron's motion for summary judgment. *See* Dkt. No. 61 at 2, 11. In consideration of a Plaintiff's *pro se* status, Magistrate Judge Stewart elected to review the entire summary judgment record to ascertain the undisputed material facts despite

2

Plaintiff's failure to respond to the pending motion. *See* Dkt. No. 61 at 2. Magistrate Judge Stewart found that Plaintiff failed to present a triable issue of fact regarding whether his knee pain, black eyes, and headaches were objectively sufficiently serious. *See id.* at 9-10. Furthermore, as to the subjective element of medical indifference, Magistrate Judge Stewart recommended that the Court find that Plaintiff failed to raise a triable issue of fact as to whether Defendant Waldron acted with the requisite deliberate indifference in treating him. *See id.* at 10. Magistrate Judge Stewart found that the video evidence of the examination confirms that Defendant Waldron properly examined Plaintiff by noting his complaints and treating his cuts with bacitracin. As such, Magistrate Judge Stewart recommended that the Court grant the motion on this ground. *See id.* at 2, 11.

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36-37 (quotation and other citation omitted).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513-14, 91 L. Ed. 2d 202 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather, the court must be satisfied that the citations to evidence in the record support the movant's assertions.

*See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts"). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "However, this does not mean that a *pro se* litigant is excused from following the procedural requirements of summary judgment." *Id.* at 295 (citing *Showers v. Eastmond*, 00 CIV. 3725, 2001 WL 527484, *1 (S.D.N.Y. May 16, 2001)).

Having carefully reviewed Magistrate Judge Stewart's Report-Recommendation and Order, the parties' submissions, and the applicable law, the Court finds that Magistrate Judge Stewart correctly determined that the Court should grant Defendant Waldron's motion for summary judgment and dismiss this action. First, the Court finds that Magistrate Judge Stewart correctly determined that courts in this Circuit have held that black eyes, headaches, and knee pain do not constitute a sufficiently serious condition. *See, e.g., Dallio v. Herbert*, 678 F. Supp. 2d 35, 60-61 (N.D.N.Y. 2009). While some district courts have found that a broken nose may qualify as a sufficiently serious condition, there is no evidence to suggest that a broken nose detected in an x-ray of Plaintiff years after the fact was caused by the incident at issue. *See Lasher v. City of Schenectady*, No. 02-cv-1395, 2004 WL 1732006, *5 (N.D.N.Y. Aug. 3, 2004). Moreover, even if the Court found that the broken nose occurred as a result of the use of force and was not adequately treated, Defendant Waldron's behavior would only amount to negligence, which is insufficient to support an Eighth Amendment medical indifference claim. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). While the undisputed facts clearly establish that Plaintiff

disagrees with Defendant Waldron over the treatment he received, his disagreement with the course of treatment is insufficient to support his claim. *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).

Based on the foregoing, the Court finds that no reasonable jury could find that Defendant Waldron acted with the requisite deliberate indifference; and, therefore, Magistrate Judge Stewart correctly recommended that the Court grant Defendant Waldron's motion for summary judgment.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Defendant Waldron's motion for summary judgment (Dkt. No. 59) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 6, 2017
       Albany, New York

Mae A. D'Agostino
U.S. District Judge