UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| MIGUEL HARVEY, | STIPULATION AND ORDER OF DISCONTINUANCE PURSUANT TO RULE 41(A) |
| Plaintiff, | |
| -against- | |
| | 15-CV-0853 |
| EUGENE PALMER, ET. AL. | (DJS) |
| Defendants. | |

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, the Plaintiff Miguel Harvey, represented by counsel, Matthew J. Kelly, Esq., and C. Harris Dague, Esq. counsel for Defendants, Kris Mullady, David Beane, Jr., Darryl Menard, Randy Sears, and Evan Tamer, and Benjamin Hill, Esq., counsel for Defendant Eugene Palmer, the parties to the above entitled-action, that whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, the above-entitled action be and the same hereby is settled on the particular circumstances of this case, on the following terms and conditions, which it is agreed are of and shall have no legal precedential value in any other case either between the parties to this case or any other parties:

1. Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, Plaintiff hereby discontinues this action with prejudice and without damages, costs, interest or attorneys fees, under the conditions described in Paragraph 4 of this agreement, as against Defendant Kris Mullady, as "the settling defendant" and discharges and releases Defendants David Beane, Jr., Randy Sears,

Evan Tamer, Darryl Menard and Eugene Palmer, and the State of New York, including its agencies, subdivisions, employees, private contractors or assignees and all of the other named defendants to this matter, of any and all claims, demands, or causes of action, known or unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to the subject matter of this action, and further agrees to discontinue and/or not to commence or to pursue in any court, arbitration or administrative proceeding, any litigation, appeal or claim against the settling Defendant and others released hereby pertaining to the underlying facts, circumstances or incidents that gave rise to the aforementioned actions, or any results of the aforementioned facts, circumstances or incidents.

2. The parties agree that no provision of this settlement shall be interpreted to be an acknowledgment of the validity of any of the allegations or claims that have been made in the action.

3. This settlement does not constitute a determination of, or admission by any party to any underlying allegations, facts or merits of their respective positions. The settlement of this action is limited to the circumstances in this case alone and shall not be given effect beyond the specific provisions stipulated hereto. This settlement does not form and shall not be claimed as any precedent for or an agreement by the parties to any generally applicable policy or procedure in the future.

4. Following the execution of this Stipulation, and its being so ordered by the Court, the settling Defendant shall pay to Plaintiff the sum of five-thousand ($5,000.00) dollars in full settlement of any and all claims, which amount includes all sums to which Plaintiff is entitled, including but not limited to damages, costs, and attorney's fees. The payment of said settlement

will be made by check payable to Plaintiff and mailed to him at his current facility of incarceration as of the date the check issues, for deposit in Plaintiff's facility account.

5. Payment by the settling Defendant of the amount specified in paragraph 4 is conditioned on the approval of all appropriate state officials in accordance with the provisions for indemnification under section 17 of the New York Public Officers Law, and upon Plaintiff's signing and returning a "Standard Voucher" which will be mailed to him by agents of the defendants responsible for the administrative processing of the settlement paperwork.

6. Payment of the amount in paragraph 4 will be made within one hundred and twenty (120) days after the approval of this Stipulation by the Court, unless the provisions of Chapter 62 of the Laws of 2001 apply to Plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the one hundred twenty (120) day payment period shall be extended by an additional thirty (30) days to allow for compliance with that law.

7. This stipulation shall be null and void if the approvals referred to in paragraph 5 are not obtained, and these actions shall then be placed back on the active docket without prejudice.

8. In the event that the terms of paragraph 5 are satisfied, but payment is not made within the 120 day or 150 day period set forth in paragraph 6, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the 121st day after court approval or the or 151st day after court approval if the provisions of Chapter 62 of the Laws of 2001 apply to the Plaintiff.

9. Plaintiff represents and warrants that he is not a Medicare recipient, that he has never been on Medicare or Social Security Disability, that no conditional payments have been made by Medicare, and that he does not expect to be a Medicare recipient within the next 30 months.

10. The foregoing constitutes the entire agreement of the parties.

Dated: Albany, New York
       8/16, 2018

Barbara D. Underwood
Attorney General of the State of New York
The Capitol, Albany, New York 12224-0341

By: _____
C. Harris Dague
Assistant Attorney General, of Counsel
Bar Roll No. 513292
Counsel for Defendants Mullady, Beane, Jr., Menard, Sears and Tamer

Dated: ~~Albany~~ ALDEN, New York
       July 31st, 2018

By: Miguel Harvey
Miguel Harvey
Wende Correctional Facility
3040 Wende Road
Alden, New York 14004-1187

Dated: Albany, New York
       8/8, 2018

_____
Matthew J. Kelly, Esq.
Roemer, Wallens, Gold & Mineaux, LLP
13 Columbia Circle
Albany, New York 12203
Bar Roll No. 103118
Counsel for Plaintiff

Dated: Albany, New York
       8/15, 2018

_____
Benjamin Hill, Esq.
Dreyer Boyajian, LLP
75 Columbia Street
Albany, New York 12210
Bar Roll No. 514953
Counsel for Defendant Palmer

4

Dated: Albany, New York
       Aug 16, 2018

SO ORDERED:

_____
HON. DANIEL J. STEWART
UNITED STATES MAGISTRATE JUDGE